IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN DONNELL MURPHY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE STATE OF DELAWARE FAMILY ) <br> COURT, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 24-717-MN |

## REPORT AND RECOMMENDATION

Plaintiff Kevin Donnell Murphy ("Plaintiff") appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6)[1] Plaintiff commenced this action on June 12, 2024, in the District of Maryland. (D.I. 1) On June 18, 2024, the matter was transferred to the District of Delaware. (D.I. 5) On March 10, 2025, the matter was referred to the undersigned Magistrate Judge for screening purposes only. (D.I. 10) The court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the court recommends that the Complaint be **DISMISSED with prejudice**.

---

[1] This case is one of four cases filed by *pro se* Plaintiff Kevin Donnell Murphy who has been granted leave to proceed *in forma pauperis* as follows: *Kevin Donnell Murphy v. The State of Delaware Family Court, et al.*, C.A. No. 24-690-MN (2024) ("*Murphy I*"); *Kevin Donnell Murphy v. The State of Delaware Family Court, et al.*, C.A. No. 24-717-MN (2024) ("*Murphy II*"); *Kevin Donnell Murphy v. Amy Anthony, et al.*, C.A. No. 24-849-MN (2024) ("*Murphy III*"); and *Kevin Donnell Murphy v. Kathleen Jennings*, C.A. No. 24-1246-MN (2024) ("*Murphy IV*"). The apparent issue in all of the suits is Plaintiff's objection to efforts undertaken to implement or enforce his alleged past due child support obligations.

I.      **BACKGROUND**

The following facts are taken from the Complaint and are assumed to be true for purposes of screening. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff brings this action against The Family Court of the State of Delaware ("Delaware Family Court"), and individual Defendants Andreza Peticacis, Michelle Hoffman, Theodore Mermigos, Deborah Germaine Guerin ("Guerin"), Gladys Sewell, Julie Shahan, Richardson-Grable, and Kathy Jennings.[2] (D.I. 1) All individual Defendants, except for Guerin and Kathy Jennings, are employees of either the Delaware Family Court or the Delaware Division of Child Support Services ("DCSS"). Plaintiff's allegations center around purported child support overpayments. (D.I. 1-1 at 11) Plaintiff alleges that the state Defendants failed to have proper oversight of the child support system, mishandled the overpayments of child support, failed to address them adequately, and engaged in a fraudulent scheme. (*Id.* at 1–2) Guerin is the alleged recipient of the child support overpayments at issue. (*Id.* at 1) Kathy Jennings is the Attorney General of the State of Delaware, alleged to be responsible for the enforcement of the child support payments. (*Id.* at 1–3)

Plaintiff alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, including unspecified *qui tam* provisions, Plaintiff further alleges violations of Due Process and Equal Protection under the Fourteenth Amendment, First Amendment and Fifth Amendment violations, under 42 U.S.C. § 1983, conspiracy to interfere with civil rights under 42 U.S.C. § 1985, violations of the Child Support Enforcement Act under 42 U.S.C. § 651, unspecified violations of the Uniform Commercial Code ("UCC"), and

---

[2] Plaintiff's separate lawsuit against Kathy Jennings, *Murphy IV*, C.A. No. 24-1246, arises from the enforcement of child support obligations and suspension of his U.S. Passport.

2

violations of Article 12 of the Universal Declaration of Human Rights. (D.I. 1-2 at 1)  Plaintiff further alleges that Defendant Guerin committed wire fraud under 18 U.S.C. § 1343. (*Id.*)

Plaintiff seeks compensatory damages, punitive damages, attorneys' fees and costs, injunctive and declaratory relief requiring the defendants to rectify the overpayment issue. (D.I. 1-2 at 14–15)

## II.  LEGAL STANDARD

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).  The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.' " *Dooley v. Wetzel*, 957 F.3d. at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003)).

3

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must

plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION[3]

#### A. 42 U.S.C. § 1983 and § 1985 Claims

Plaintiff asserts indisputably meritless constitutional claims against all Defendants. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Local governments and municipalities are considered persons under § 1983. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

---

[3] The case authorities cited by Plaintiff largely do not exist or are citations to other cases with different names and rulings wholly unrelated to the instant case. Of the twelve cases cited by Plaintiff in his Complaint where purported citations are provided, only one of those cases, *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235 (1989), could be located by the court. By way of example, the citations provided by Plaintiff yield the following results: *Ferguson v. Thomas*, 555 F.3d 1318 (11th Cir. 2009) (actual citation is *Case v. Eslinger*, 555 F.3d 1317 (11th Cir. 2009) (granting summary judgment in favor of defendant police officer on Plaintiff arrestee's alleged constitutional violations) (D.I. 1-2 at 11); *Smith v. Johnson*, 478 U.S. 804 (1986) (actual citation is *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804 (1986) (pharmaceutical drug personal injury case) (D.I. 1-2 at 11); and *Gray v. Richardson*, 474 U.S. 803 (1985) (actual citation is *Am. Ins. Ass'n v. Chu*, 474 U.S. 803 (1985) (denial of writ of certiorari) (D.I. 1-2 at 11).

As to the individual defendants in a Section 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element and, therefore, the plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). While Plaintiff named various individual state Defendants, he asserts no facts about how these individuals were personally involved in the alleged constitutional violations. (D.I. 1-1 at 1–3)

Plaintiff has also failed to state a conspiracy claim under 42 U.S.C. § 1985. To state a claim under 42 U.S.C. § 1985, a plaintiff must allege: "(1) a conspiracy of two or more persons; (2) motivated by a discriminatory animus designed to deprive, directly or indirectly, any person or class of person to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or to the deprivation of any right or privilege of a citizen of the United States." *Petrosian v. Collins*, 479 F. App'x 409, 410 (3d Cir. 2012) (citing Brown v. Philip Morris Inc., 250 F.3d 789, 805 (3d Cir. 2001). Plaintiff, however, fails to allege that the Defendants entered into an agreement, worked in concert to deprive him of his constitutional rights, or were motivated by a discriminatory animus. *See Petrossian*, F. App'x at 411 (dismissing a § 1985 claim when a plaintiff failed to allege any facts indicating that the defendants conspired to deprive him of protected rights). Rather, the complaint alleges only a general averment of conspiracy. (D.I. 1-1 at 1–3)

Further, to the extent the Sections 1983 and 1985 claims are brought against the individual Defendant, Guerin, it is evident from the text of the statute, there can be no § 1983 or § 1985 liability because she is not a state actor. *Panas v. City of Philadelphia*, 871 F. Supp. 2d 370, 377 (E.D. Pa. 2012). Traditionally, "acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made

6

possible only because the wrongdoer is clothed with the authority of state law.' " *West*, 487 U.S. at 49. No constitutional violations have been alleged against Guerin. All that is alleged is that Guerin is the recipient of the child support overpayments. (D.I. 1-1 at 1)

### B. Civil RICO Claims

Plaintiff's claims for Civil RICO violations asserted against all Defendants are indisputably meritless. Plaintiff cites to 18 U.S.C. §§ 1962(c) and (d) in his Complaint. (D.I. 1-2 at 1) Section 1962(c) prohibits a person from conducting the affairs of an enterprise through a pattern of racketeering; and Section 1962(d) prohibits a person from conspiring to violate 18 U.S.C. §§ 1962(a), (b), or (c). A private cause of action arises under RICO § 1964(c), which states, in pertinent part, that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the costs of the suit, including a reasonable attorney's fee." *Kostyshyn v. Miner*, 2006 WL 3332960, at *3 (D. Del. Nov. 16, 2006) (stating a private cause of action arises for persons injured in their "business or property" under 18 U.S.C. § 1964(c)). Courts have relied upon two theories to hold that government entities generally cannot be liable under RICO: (1) government entities are incapable of forming the requisite criminal intent; or (2) public policy prohibits imposing punitive damages, paid by taxpayers, on public entities. *See Tengood v. City of Philadelphia*, 529 F. App'x 204, 209 (3d Cir. 2013) (citing *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 914 (3d Cir. 1991)); *see also Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 404 (9th Cir. 1991) (exempting a not-for-profit hospital district and hospital, both government entities under California law, from RICO liability under both theories).

7

Plaintiff's Complaint alleges constitutional rights violations and does not claim injury to his business or property. Thus, he has not stated a civil RICO claim. *See Kostyshyn*, 2006 WL 3332960, at \*3 (citing *Chadda v. Burcke*, 180 F. App'x 370, 372 (3d Cir. 2006). Physical or emotional harm to a person is insufficient to show a person is injured in his business or property under RICO. *Kovalev v. City of Philadelphia*, 833 F. App'x 972, 973 (3d Cir. 2021).

### C. *Qui Tam* Claims

To the extent his Complaint attempts to allege a *qui tam* claim, Plaintiff is not qualified to represent the interests of the United States in a *qui tam* action, given that he proceeds *pro se* and there is no indication that he is a licensed attorney. *See United States ex rel. Gunn v. Shelton*, 2013 WL 5980633, \*2 (D. Del. Nov. 12, 2013). Plaintiff, as a relator, may not proceed *pro se* as a matter of law.[4] *See id.* Therefore, the portion of the Complaint brought under a *qui tam* claim will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### D. 42 U.S.C. § 651 – Child Support Enforcement Act Claims

Title 42 U.S.C. § 651 is a federal appropriations statute for funding enforcement of child support obligations. To the extent Plaintiff alleges violations of the Child Support Enforcement Act, such a claim is indisputably meritless. The statute does not create any individual cause of action.

---

[4] The False Claims Act provides that a private individual, known as a relator, may bring a lawsuit on behalf of the government. 31 U.S.C. § 3729, et seq. "When a relator files a *qui tam* suit, the action is deemed to be brought 'for the person and for the United States Government.' " *Downey v. United States*, 816 F. App'x 625, 627 (3d Cir. 2020) (holding that *pro se* plaintiffs may not represent third parties in federal court.). Thus, Plaintiff cannot bring claims under a *qui tam* suit as a *pro se* litigant.

### E. Eleventh Amendment Immunity

In addition to Plaintiff's claims being insufficiently pled, the state Defendants are immune from suit. The Family Court of the State of Delaware is a state entity, and the Delaware Division of Child Support Services ("DCSS") is an agency of the State of Delaware. "Absent a state's consent, the [E]leventh [A]mendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam)); *see also Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 239–40 (3d Cir. 2005) (concluding that Pennsylvania's First Judicial District is a state entity entitled to Eleventh Amendment immunity); *see also Trammell v. Court of Common Pleas Sussex County Courthouse*, 2016 WL 7107224 (D. Del. Dec. 5, 2016). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Jones v. Attorney Gen. of Delaware*, 737 F. App'x 642, 643 (3d Cir. 2018). Unless a party waives its sovereign immunity, "a court is without subject matter jurisdiction over claims against ... agencies or officials in their official capacities." *Treasurer of New Jersey v. U.S. Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012). Therefore, Plaintiff's claims against the state Defendants are barred by Eleventh Amendment Immunity.

### F. Quasi-Judicial Immunity

Furthermore, Plaintiff's claims against the individual state Defendants are predicated on their implementation and/or enforcement of the child support obligations ordered by the Delaware Family Court and are therefore, barred by quasi-judicial immunity. *See Codrington v. Parker*, 2024 WL 5126267, at *3 (E.D. Pa. Dec. 16, 2024) (citing *Baquero v. Mendoza*, 828 F. App'x 137, 140 (3d Cir. 2020) (*per curiam*) ("[W]e agree with the District Court's conclusion that defendants Tardif and Feldman are entitled to quasi-judicial immunity for their roles in

implementing and enforcing child support orders"); *Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) (*per curiam*) ("[A]ctions taken by those charged with the responsibility of carrying out a court's order would be barred by the doctrine of absolute quasi-judicial immunity.").

Plaintiff sues these individual state Defendants in their official capacity. (D.I. 1-1 at 1–2) "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Lyles v. Delaware*, 2018 WL 6605223, at *3 (D. Del. Dec. 17, 2018) (quoting *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)) (internal citation omitted); *Ali v. Howard*, 353 F. App'x 667, 672 (3d Cir. 2009). Accordingly, Plaintiff's claims against Andreza Peticacis, Michelle Hoffman, Theodore Mermigos, Gladys Sewell, Julie Shahan, and Richardson-Grable, in their official capacities are barred by quasi-judicial immunity.

Plaintiff does not allege that Delaware Attorney General Kathy Jennings had any role in the Delaware Family Court proceedings. A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he or she never participated in nor approved[.]" *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (quoting *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000)). Regardless, to the extent Kathy Jennings had any role in the enforcement of Plaintiff's child support obligations, she receives prosecutorial immunity "for actions performed in a judicial or 'quasi-judicial' capacity," *Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008), and while functioning as the state's advocate when performing the action(s) in question. *Id.*; *see also Imbler v. Pachtman*, 424 U.S. 409, 420 (1976).

### G. Individual Claims Against Guerin

The claims against remaining Defendant, Guerin, are meritless. Plaintiff claims that Guerin, ". . . retained unauthorized overpayments wired into her bank account from the agency,

failing to return those funds. This constitutes a violation of federal fraud statutes and potentially other legal provisions." (D.I. 1-2 at 9) To the extent Plaintiff attempts to civilly sue Guerin for criminal conduct, such as wire fraud under 18 U.S.C. § 1343, Plaintiff lacks standing to bring such claims. *Addlespurger v. Corbett*, 461 F. App'x 82, 87 (3d Cir. 2012) (holding "there is no private cause of action for a violation of the federal mail and wire fraud statutes."). The United States Attorney is solely responsible for the prosecution of all federal criminal cases within his or her district. *United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996). The decision of whether to prosecute, and what criminal charges to bring, rests solely with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979); *see also Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008) (holding that a plaintiff who seeks to impose criminal liability upon defendants pursuant to the criminal statute lacked standing to proceed).

### H. *Rooker-Feldman* Doctrine

Finally, to the extent Plaintiff intended to have this court review a Delaware Family Court proceeding that concluded in a manner adverse to him, this court lacks subject matter jurisdiction under the *Rooker–Feldman* doctrine, which bars this court from reviewing final judgments of State courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (holding that the *Rooker-Feldman* doctrine applies when: "(1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court

to review and reject the state judgments." (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

For the foregoing reasons, the court recommends that amendment of the Complaint would be futile.

## IV. CONCLUSION

For the foregoing reasons, I recommend that the Complaint be **DISMISSED with prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d). The failure of Plaintiff to object to legal conclusions may result in the loss of the right to *de novo* review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The Plaintiff is directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: April 9, 2025

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE